UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PHYLLIS WHITE                                                                                                     PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:05CV673JS

UNIVERSAL TRANSPORT, INC. AND
ROGER D. PIERCE                                                                                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on motion of Defendants Universal Transport, Inc. (Universal) and Roger D. Pierce for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Phyllis White has responded in opposition. Having considered the memoranda and submissions of the parties, along with the pertinent authorities, the Court concludes that Defendants' motion should be granted.

**I.     PROCEDURAL HISTORY/FACTS:**

This civil action arises out of an automobile accident that occurred on September 6, 2004, when Plaintiff Phyllis White's vehicle collided with debris that fell from a tractor-trailer owned by Defendant Universal. The accident happened in Louisiana; Plaintiff is a Mississippi resident; Universal is a South Dakota corporation; and Universal's driver, Defendant Roger Pierce, is a resident of Texas. Plaintiff filed suit on October 14, 2005, and Defendants now move for partial summary judgment based on La. Rev. Stat. Ann. § 32:866 (2006), a Louisiana statute that limits the recovery available to accident victims who do not carry auto insurance.

There appear to be no genuine issues of material fact, and the outcome of Defendants' motion turns on three issues: 1) a center of gravity analysis between Mississippi and Louisiana; 2) whether LSA-R.S. 32:866 violates the public policy of Mississippi; and 3) whether LSA-R.S. 32:866 is substantive or procedural. To prevail in their motion, Defendants must carry all three issues. The Court finds that they have met this burden.

**II.  ANALYSIS**

    A.  Choice of Law:

Louisiana's section 32:866, generally referred to as "no pay, no play," states in relevant part:

> There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.

La. Rev. Stat. Ann. § 32-866. Plaintiff was not insured, and Mississippi has not adopted a similar provision. This creates the choice of law issue before the Court.

The parties correctly reference section 145 of the *Restatement (Second) of Conflict of Laws* as the starting point for the Court's analysis. *Restatement (Second) of Conflict of Laws* § 145 (1996). Mississippi Courts have applied this specific section, encompassing a "center of gravity" test, before turning to more general conflicts principles found in section 6 of the Restatement. *Zurich American Ins. Co. v. Goodwin,* 920 So. 2d 427, 433-34 (Miss. 2006) (noting Fifth Circuit Court of Appeal's finding that Mississippi courts will apply specific provisions of Restatement first, thereby "creat[ing] a de facto presumption of the appropriate law which can be rebutted by application of the principles of section 6").

According to the Mississippi Supreme Court, "Choice of law, rather than looking at minimum contacts, looks to 'where the contacts are maximized.'" *Id.* (citing *Church v. Massey*, 697 So. 2d 407, 410 (Miss. 1997)). With regard to the contacts at issue, the comments to section 145 state that "the place of injury is of particular importance in the case of personal injuries . . . ." *Restatement (Second) of Conflict of Laws* §145, *cmt f*. Similarly, the Fifth Circuit Court of Appeals has examined this issue and explained that

> Mississippi's choice of law rule in conflicts of law cases provides that the law of the place where the injury occurred controls unless some other state has a more significant relationship to the accident and the parties. To overcome the presumption that the law of the situs applies, [Plaintiff] must show that some other jurisdiction has a more significant relationship to the occurrence and the parties. The significance of the relationship is based on contacts. In addition to the place where the injury occurred, contacts to be considered include the place where the conduct causing the injury occurred, the domicile, residence, nationality, place of incorporation, and place of business of the parties, and the place where the relationship, if any, between the parties is centered.

*Walls v. General Motors, Inc.*, 906 F.2d 143, 145-46 (5th Cir. 1990) (citing *Boardman v. United States Auto. Ass'n,* 470 So. 2d 1024 (Miss. 1985); *Mitchell v. Craft,* 211 So. 2d 509 (Miss. 1968)).

Here, there is no dispute that the accident occurred in Louisiana. Moreover, the alleged acts or omissions on the part of the Defendants would have occurred or accrued, at least in part, in Louisiana. Finally, no other state appears to have more significant contacts with this action as all parties reside in different states. Thus, the contacts held by other states, including Mississippi, appear to be a wash and are no greater than Louisiana's contact as the location of the accident.

Plaintiff argues however that where the location of the accident was merely fortuitous, it will not weigh in favor of applying the law of that state. While this statement is true, it is incomplete. Whether the location is fortuitous depends on other facts. Plaintiff's authority for this argument illustrates the point. In *Vick v. Cochran*, 316 So. 2d 242 (Miss. 1975), the Mississippi Supreme Court found that the location of an accident in Mississippi was fortuitous and therefore applied the law of Alabama. The court noted, "Not only do all of the parties, plaintiffs and defendant, and nine of the ten witnesses, reside at Hamilton, Alabama, but their status, and their relationships each with the other, were established under agreements, express or implied, arrived at in the State of Alabama." *Id.* at 246. Here, there were no pre-existing relationships and the parties all resided in different states. As such, the choice of law analysis favors Louisiana.

B.   Public Policy:

Plaintiff also argues that the subject "no pay, no play" statute would violate Mississippi public policy and is therefore unenforceable. Having determined that section 145 of the *Restatement* favors application of Louisiana law, the Court must still consider section 6 to balance state interests. *Goodwin,* 920 So. 2d at 436; *Restatement (Second) of Conflict of Laws* § 6 (1996). One of those section 6 considerations is the "relevant policies of the forum," and the Mississippi Supreme Court has explained that "Courts of this state will not give effect to the substantive law of another state if to do so would be 'offensive to the *deeply ingrained or strongly felt* public policy of the state.'" *Id.* at 437 (emphasis added) (citing *Boardman ,* 470 So. 2d at 1038).

Plaintiff submits that section 32:866 violates Mississippi public policy because the Mississippi legislature "has not enacted a 'no pay, no play' provision in its compulsory liability

4

statute." That Mississippi has not adopted a "no pay, no play" rule does not necessarily mean the rule offends a "deeply ingrained or strongly felt public policy." *Id.* "Conflict between the law of our state and another state does not itself mean that the foreign law is so offensive that it must be set aside." *Goodwin,* 920 So. 2d at 437.

Here, the public policies of Mississippi and Louisiana harmonize. Both states have enacted laws discouraging the operation of uninsured vehicles. *Compare* La. Rev. Stat. Ann. § 32:866 (limiting tort recovery to uninsured motorists) *with* Miss. Code Ann. § 63-15-4 (2004) (making driving without proof of insurance a misdemeanor punishable by $500 and suspension of driving privileges). While the statutory penalty is potentially heavier in Louisiana, the policy is identical.

Plaintiff also argues that Mississippi public policy would disfavor "no pay, no play" because it would "preclude a victim of negligence from recovering damages." She cites *Fells v. J.C. Bowman*, 274 So. 2d 109 (Miss. 1973) (observing that Mississippi would not apply contributory negligence in case filed by Mississippi resident). *Fells* does not support Plaintiff's position. First, contributory negligence is one of only two foreign laws that Mississippi has found offensive, *see Goodwin*, 920 So. 2d at 437, and it is materially different from La. R. Stat. Ann. § 32:866. In *Goodwin*, the Mississippi Supreme Court held that the trial court erred in applying Mississippi rather than Iowa law even though Iowa law would dramatically reduce the plaintiffs' recovery. In doing so, the court observed that "under-compensation" of Mississippi residents is a concern that "does not rise to the same level as the complete, albeit sometimes arbitrary, bar of contributory negligence." *Id.* at 437. Section 32:866 is not arbitrary and would not bar recovery. The statutory forfeiture under section 32:866 is significantly less than the jurisdictional amount in controversy for this diversity action.

Second, the primary holding in *Fells* was that Mississippi courts must at times apply the laws of more than one state. 274 So. 2d at 112-13. Accordingly, the court applied Mississippi's comparative negligence law but held: "The primary concern of Louisiana was with the safety of its highways. Its safety regulations and rules of the road would of necessity have to be applied to determine what constituted negligence." *Id*. at 113; *see also Goodwin*, 920 So. 2d at 437 ("We have declined to find offensive differences in highway safety regulations . . . ."). Louisiana's "no pay, no play" appears in Title 32 of the Louisiana Revised Statutes dealing with "Motor Vehicle and Traffic Regulations," and falls within Louisiana's rules of the road. The statute was adopted to "discourage the operation of uninsured vehicles," *McCray v. Jenkins,* 03-539 (La. App. 5 Cir. 12/9/03); 864 So. 2d 675, 678, which is a legitimate interest based on the same public policy as Miss. Code Ann. § 63-15-4. Louisiana's section 32:866 does not offend a "deeply ingrained or strongly felt public policy" of the State of Mississippi.

C.      Substantive v. Procedural:

Even if choice of law considerations favor applying foreign law, Plaintiff correctly observes that Mississippi will not apply the procedural laws of other states. *See Ford v. State Farm Ins. Co.*, 625 So. 2d 792, 793 (Miss. 1993). Plaintiff then argues that the subject Louisiana statute is procedural. No Mississippi court has determined whether section 32:866 is substantive or procedural. Consequently, this Court must make an *Erie* guess in this diversity action. *Erie RR. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

"Mississippi honors the construction of a statute placed on it by the courts of the state whose legislature enacted it." *Siroonian v. Textron, Inc*., 844 F.2d 289, 292 (5th Cir. 1988) (citing *Price*,

784 F.2d at 605; *Davis v. Meridian & Bigbee R.R.*, 248 Miss. 707, 161 So. 2d 171, 172 ( 1964)). Accordingly, the Court begins by reviewing case law from the courts of Louisiana.

Defendants cite *Jasper v. Progressive Insurance. Co.*, 99-1479 (La. App. 3 Cir. 2/9/00 ); 758 So. 2d 848, 850, for the proposition that section 32:866 is "substantive law." However, that case did not address nor decide whether the relevant statute was substantive rather than procedural. Two cases from Louisiana's intermediate appellate courts touched on the issue, but they offer little guidance because they reached different conclusions when addressing whether an amendment to section 32:866 was substantive, procedural, or interpretive. *See Rogers v. Commercial Union Ins. Co.,* 01-433 (La. App. 3 Cir. 10/3/01); 796 So. 2d 862; *Dallas v. Hales*, 02-35,883 (La. App. 2 Cir. 5/8/02); 819 So. 2d 367. Moreover, Louisiana's highest court has never addressed the issue, and this Court therefore turns to Mississippi cases analyzing the substantive versus procedural dichotomy.

According to the Mississippi Supreme Court: "[F]ew laws are classified as procedural. In addition to the Mississippi Rules of Civil Procedure, and Rules of Evidence, we have only found the definition of 'procedural' to include statutes of limitations, awards of attorney's fees and awards of prejudgment interest." *Goodwin,* 920 So. 2d at 433 (citing *Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 960 (Miss. 1999); *Ford* v. *State Farm Ins. Co.*, 625 So. 2d at 793-94 (Miss. 1993)). The "no pay, no play" statute does not fall within one of these categories and is distinguishable from them.

"A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin,* 542 U.S. 348, 353, 124 S. Ct. 2519, 2523

(2004). Statutes of limitations, and laws allowing prejudgment interest and attorney's fees were not intended to alter a range of conduct and are thus considered procedural. In contrast, the Louisiana legislature adopted the "no pay, no play" rule to "discourage the operation of uninsured vehicles." *McCray,* 864 So. 2d at 678.

Finally, section 32:866 is analogous to other substantive Mississippi statutes. For example, in *Dale v. Ala Acquisitions I, Inc*. 434 F. Supp. 2d 423 (S.D. Miss. 2006), the court held that Mississippi's apportionment of fault statute is substantive: "The apportionment statute at issue here does not merely prescribe a procedure, but rather a substantive right of a defendant." *Id.* The court further noted that "in terms of intendment and effect in general, apportionment of fault is analogous to principles of comparative negligence, which have been held to be substantive." *Id*. at 430 (citations omitted). Louisiana's "no pay, no play" statute similarly reduces recovery and was intended to affect behavior even more directly than Mississippi's comparative fault and apportionment statues–both of which Mississippi courts recognize as substantive.

### III.   CONCLUSION

Based on the foregoing, the Court finds that La. Rev. Stat. Ann.§ 32:866 applies to this case. Accordingly, Defendants' motion for partial summary judgment is hereby granted.

**SO ORDERED AND ADJUDGED** this the 2th day of October, 2006.

          s/ *Daniel P. Jordan III*
          UNITED STATES DISTRICT JUDGE